from testimony of the plaintiff and his witnesses that, while driving west along Fifty-Sixth street, near Sixth avenue, in the city of New York, and while close up against the curbstone of the northerly sidewalk, he was run into by the defendant's driver, who was going east at a fast pace. His wagon was broken, and he was severely injured. This testimony the jury believed, as was their right, and it proves that the collision was caused entirely because of defendant's negligence, and that plaintiff was free from contributory negligence. Second. That the verdict is against the weight of evidence. We are satisfied that the jury weighed carefully all the evidence submitted. They chose to believe the plaintiff's testimony and such other testimony as he produced. His version appears to us to be as truthful, reasonable and probable as is the defendant's. In this instance the jury had a right to accept the plaintiff's version, although the defendant produced a greater number of witnesses in his behalf. The verdict was a reasonable one. The judgment must be affirmed, with costs. Judgment affirmed, with costs. All concur.

---

**VON GLAHN** et al., Respondents, v. **WICKE**, Appellant. (Supreme Court, Appellate Division, Second Department. January 17, 1902.) Action by Henry Von Glahn and another against Otto Wicke. No opinion. Judgment of the municipal court affirmed by default, with costs.

---

**W. A. DOUBLEDAY CO.**, Respondent, v. **McDOWELL**, Appellant. (Supreme Court, Appellate Division, Fourth Department. January 7, 1902.) Action by the W. A. Doubleday Company against Matilda McDowell. No opinion. Judgment affirmed, with costs.

---

**WALSH**, Respondent, v. **STICH**, Appellant. (City Court of New York, General Term. December, 1901.) Action by James Walsh against John Stich. Epstein Bros., for appellant. Hays & Hershfield (Daniel P. Hays, of counsel), for respondent.

FITZSIMONS, C. J. In March, 1900, the defendant, being the owner of certain real estate in the city of New York, employed the plaintiff, a real estate broker, to secure a tenant at the rental of $6,000 per year, and agreed that he would make alterations in the premises. It appears that the plaintiff found a person ready, able. and willing to take the premises for $5,500 for 10 years. The defendant and the proposed lessee agreed upon this rental, and also the terms, as well as the alterations to be made by the defendant, and they agreed to meet next day and sign the usual lease. Before the time so appointed the defendant ascertained that the alterations he agreed to make would cost more than he expected, and declined to make such lease, besides refusing to pay plaintiff his commission, amounting to $550. Under these circumstances, plaintiff was entitled to his pay. The defendant was the cause of the lease not being executed. If the alterations, which he agreed to make, would cost him more than he expected, surely plaintiff was not to blame. Both the facts and the law of this case justified a verdict in plaintiff's favor. A verdict otherwise than that would be a gross injustice, Judgment affirmed, with costs and disbursements. Judgment affirmed, with costs. All concur.

---

**WARE**, Appellant, v. **DOS PASSOS**, Repondent. (Supreme Court, Appellate Division, First Department. January 24, 1902.) Action by William R. Ware against Benjamin F. Dos Passos. A. C. Weil, for appellant. I. D. Warren, for respondent. No opinion. Judgment and order affirmed, with costs.

---

**WEEDEN**, Respondent, v. **ERIE R. CO.**, Appellant. (Supreme Court, Appellate Division, Fourth Department.. December 10, 1901.) Action by Carl Weeden against the Erie Railroad Company. No opinion. Motion for reargument denied, with $10 costs and disbursements. Motion for leave to appeal to the court of appeals denied.

---

**WELLMAN** et al., Respondents, v. **DEXTER**, Appellant. (Supreme Court, Appellate Division, First Department. January 24, 1902.) Action by Francis L. Wellman and another against Orlando P. Dexter. J. P. Badger, for appellant. S. B. Stiles, for respondents. No opinion. Judgment and order affirmed, with costs.

---

**WESTON**, Respondent, v. **WESTON**, Appellant. (Supreme Court, Appellate Division, Fourth Department. January 21, 1902.) Action by Charles O. Weston against John P. Weston. No opinion. Order affirmed, with $10 costs and disbursements. See 74 N. Y. Supp. 38.

---

**WILSON**, Respondent, v. **TOWN OF WILSON**, Appellant. (Supreme Court, Appellate Division, Fourth Department. January 21, 1902.) Action by Albert Wilson against the town of Wilson. No opinion. Judgment and order affirmed, with costs.

---

**WOODS** v. **GARCEWICH**. (Supreme Court, Appellate Division, First Department. January 17, 1902.) Action by James W. Woods against Henrietta Garcewich. No opinion. Motion denied.

---

**In re WOODWARD.** (Supreme Court, Appellate Division, Second Department. December 23, 1901.) In the matter of the judicial settlement of the accounts of Francis W. Woodward, as executor, etc., of William A. Woodward, deceased. No opinion. Reargument ordered for Wednesday, January 8, 1902.

**WOOLSON**, Respondent, v. **HELMS**, Appellant. (Supreme Court, Appellate Division, Fourth Department. January 21, 1902.) Action by John H. Woolson against Henry H. Helms. No opinion. Judgment affirmed, with costs.

---

**In re WRIGHT.** (Supreme Court, Appellate Division, Second Department. January 24,